Peter T. **FENSEL**, Plaintiff,

v.

**UNITED STATES of America,** Defendant.

**Civ. A. No. 84–0148 Erie.**

United States District Court, W.D. Pennsylvania.

Aug. 7, 1985.

Stephen H. Hutzelman, Plate Shapira Hutzelman Berlin May Walsh & Brabender, Erie, Pa., for plaintiff.

Charles A. Baer, U.S. Dept. of Justice, Washington, D.C., and Donald E. Lewis, Erie, Pa., for defendant.

## OPINION

MENCER, District Judge.

The plaintiff, Peter T. Fensel, brought suit seeking a refund of part of the federal income taxes paid by him for 1978 and 1979. This tax was paid on partnership income attributed to the plaintiff by a partnership doing business as "The Pub" in which he was allegedly a partner. The plaintiff contends that he received no income or anything of value from The Pub in those years because the partnership had been terminated by mutual agreement in 1977. The defendant, the United States of America, alleges, on the other hand, that the partnership was not terminated and that the plaintiff is, therefore, liable for taxes on his share of the partnership's income in 1978 and 1979. The plaintiff further contends, however, that he never received a share of the partnership's income, which leads him to ask this Court, in the alternative, to allow him theft losses for the amounts attributed to him if we find that the partnership was not terminated in 1977. The plaintiff also seeks attorneys fees.

Both sides have filed Motions for Summary Judgment. The plaintiff's Motion is supported by his affidavit and exhibits while the defendant's Motion relies primarily on the plaintiff's deposition.

A court, when considering a motion for summary judgment, should only grant the motion "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). All inferences, doubts and issues of credibility are to be resolved against the moving party. *E.E. O.C. v. Westinghouse Electric Corp.*, 725 F.2d 211, 216 (3d Cir.1983).

PARTNERSHIP TERMINATION

The plaintiff, in his Motion for Summary Judgment, asks this Court to find that the partnership in question was terminated in 1977 and to grant him a tax refund. The defendant requests that we find that the partnership was not terminated until 1980 and that the plaintiff is not entitled to any refund.

This Court is of the view that summary judgment is appropriate with regard to the partnership termination issue as there are no material facts left to be resolved. A partnership, to be viewed as terminated, must comply with the requirements of 26 U.S.C. § 708(b)(1), which states in the appropriate part that:

[A] partnership shall be considered as terminated only if—

(A) no part of any business, financial operation, or venture of the partnership continues to be carried on by any of its partners in a partnership, or

(B) within a 12-month period there is a sale or exchange of 50 percent or more of the total interest in partnership capital and profits.

If there is not compliance with either provision of subsection (b)(1), "an existing partnership shall be considered as continuing. ..." 26 U.S.C. § 708(a).

The plaintiff has attempted to convince this Court that the partnership in question here terminated in the fall of 1977 when he ceased his activities with The Pub, which left only his partner, Michael T. McGuire, involved with the business. This view is not in accord with those expressed

**24**

by several courts. The court in *Ginsburg v. United States*, 396 F.2d 983, 988, 184 Ct.Cl. 444 (1968) indicated that the apparent intention of Congress in adding § 708 to subchapter K of the Internal Revenue Code of 1954 without a cross reference to the definition section (§ 761) was "that the issue of terminating an existing partnership [was] to be evaluated solely on the basis of Section 708 without regard to whether the 'organization' of individuals involved, if judged *ab initio*, would be considered a partnership under Section 761(a)." Based on this opinion, it would not matter that only one partner was left to continue carrying on the business of the partnership. As long as the business of the partnership is carried on by *any* partner, the partnership has not been terminated in accord with § 708(b)(1)(A).

In a case very similar to this one, another court held that "even though the partnership dissolved ... when petitioner withdrew and ceased to be associated with the carrying on of the partnership business, there continued to be a valid partnership until such time as the partnership actually terminated." *Fuchs v. Commissioner of Internal Revenue*, 80 T.C. 506, 510 (1983). The plaintiff here also withdrew and ceased to be associated with the running of The Pub, the partnership business, but the partnership continued to exist until he sold his interest in 1980.

Because the partnership did not terminate until 1980, the plaintiff is not entitled to a refund for the taxes paid for 1978 and 1979 on the share of the partnership's income attributed to him.

THEFT LOSS DEDUCTION

This Court, having found that the plaintiff was a partner in a partnership in 1978 and 1979, must now consider whether he was entitled to take a theft loss deduction in those years for his allegedly unreceived share of the partnership's income.

Section 165 of the Internal Revenue Code states that "any loss arising from theft shall be treated as sustained during the taxable year in which the taxpayer discovers such loss." 26 U.S.C. § 165(e).

"The IRS has construed this as meaning that a theft loss deduction can be taken *only* in the year of discovery." *Asphalt Industries, Inc. v. C.I.R.*, 411 F.2d 13, 15 (3d Cir.1969). The plaintiff bears the burden of establishing when he discovered his theft loss. *Botwinik Brothers of Mass., Inc. v. Commissioner of Internal Revenue*, 39 T.C. 988, 998 (1963).

The plaintiff, in his affidavit, attempts to convince this Court that he learned of the theft losses when he received copies of Form 1065 and/or Schedule K during 1978 and 1979 at the times these documents were dated. The plaintiff further states that he has no recollection of looking at these documents or of their contents if he did look at them when they were received. These statements by the plaintiff are all that he offers to satisfy his burden of proving when he discovered the theft losses.

The plaintiff has failed to convince this Court that he discovered the thefts in 1978 and 1979, respectively, or that there is even a genuine issue of material fact as to his discovery of the thefts in those years. Therefore, he is not entitled to deduct the theft losses in 1978 or 1979. As to the theft losses which may be deductible in subsequent years, the plaintiff must resort to an amended return for the year in which such losses were discovered.

ATTORNEYS FEES

The plaintiff also seeks attorneys fees under 26 U.S.C. § 7430(a). In view of the disposition reached here, we deem that the plaintiff is not entitled to such fees.

An appropriate order will be issued.

ORDER

AND NOW, this 7th day of August, 1985,

IT IS ORDERED that the Motion for Summary Judgment filed by the plaintiff, Peter T. Fensel, is DENIED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment filed by the

defendant, the United States of America, is GRANTED for the reasons stated in the accompanying Opinion, and judgment is entered in favor of the defendant, the United States of America, and against the plaintiff, Peter T. Fensel.